HELENE N. WHITE, Circuit Judge,
concurring.
Under the policy,[1] the claimants are entitled to benefits for loss due to accidental injury unless the loss resulted from being “legally intoxicated.” A review of the administrative record reveals that Prudential found that the exclusion applies based on the single fact that the insured had a plasma alcohol level of 178 mg/dl when his blood was drawn a little over an hour after the fall.
I agree with the majority that Prudential’s denial was not the product of a full and fair review. While the in-house medical reviewers did make adjustments for the fact that the hospital’s test was performed on plasma, rather than whole blood, the majority correctly observes that the experts did not fully and fairly consider the claimants’ other objections to the toxicology report and the inferences drawn therefrom.[2]
The denial was based on the assumptions that the test was not affected by the insured’s consumption of cold medicine, or Clonazepam, or the ketones produced by Atkins’ diet, and the conclusion, apparently not based on expert analysis, that the blood alcohol level of the blood drawn 1 1/4 hours after the fall accurately reflected the insured’s blood alcohol level at the time of the fall. Further, the administrative record reveals no analysis of the timing of the insured’s consumption of the alcohol or his size and weight, and no analysis of the likely effects of a particular blood alcohol level on particular activities. Instead, the medical evaluations were based on general statements and conclusions amounting to an assumption that because the fall occurred when the insured had a particular blood alcohol level (based on the later test), the fall must have resulted from intoxication. Additionally, the administrative record reveals that no consideration was given to the insured’s wife’s account of the insured’s behavior prior to the fall, and *600 no attempt was made to see whether such claims could be verified. While the insured’s wife is certainly an interested party as a claimant, it does not follow that her account can properly be dismissed without any consideration or investigation.
Thus, I agree that Prudential abused its discretion and acted arbitrarily and capriciously in denying this claim. I would remand, for the reasons stated in Judge Guy’s concurrence.

. Prudential relies on the exclusion to deny coverage, and does not appear to argue that the loss does not otherwise satisfy the conditions for coverage.

. I do not read Dr. MacBride's statement that "it may be worthwhile, if warranted, to consider having an external forensic toxicology specialist review to bolster what Dr. Kowalski and I have already concluded” as the doctor’s admission that he lacked sufficient expertise. Rather, the comment was made to the claims department in the context of an observation that the claimant wife works for a national firm that does diagnostic labwork. In any event, this comment is not crucial to the evaluation of the claimants' case.